**David AUMANN, Shlomzion Aumann & Robert John Aumann, Plaintiffs–Appellants,**

**v.**

**IMMIGRATION AND NATURALIZA-TION SERVICE & Janet Reno, Hon., Attorney General of the United States, Defendants–Appellees.**

**No. 00–6246.**

United States Court of Appeals, Second Circuit.

April 26, 2001.

Philip B. Abramowitz, Brown & Kelly, LLP, Buffalo, NY; Frank A. Aloi, of counsel, for appellants.

Earle B. Wilson, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, for appellees.

Present LEVAL, SACK and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge* ), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*) granting defendants' motion to dismiss and denying plaintiffs' motion for summary judgment.

Plaintiffs-appellants Shlomzion Aumann and David Aumann (the "Aumann Children") were born in Israel, in 1982 and 1980, respectively. Their paternal grandfather Robert John Aumann was born in Germany in 1930, became a naturalized United States citizen in 1944, and lived in the United States from 1938 to 1954 and from 1955 to 1956. The father of the Aumann Children, Shelomo Aumann, was born in Israel in 1957, acquired United States citizenship at birth from his U.S. citizen father, and died in 1982. The mother of the Aumann Children has never been a United States citizen.

In 1998, the Aumann Children filed Form N–600 applications for U.S. citizenship. These applications were denied by the defendant-appellee Immigration and Naturalization Service ("INS"). The Aumann Children then unsuccessfully sought relief in the United States District Court for the Western District of New York. We affirm the district court's judgment, agreeing with both the district court and the INS that the Aumann Children have not demonstrated eligibility for U.S. citizenship.

The Aumann Children based their claim to U.S. citizenship on two separate statutory provisions. Under the first, 8 U.S.C. § 1401(g) (INA Section 301(g)), an individual is recognized to be a U.S. citizen if born outside the geographical limits of the United States and its outlying possessions to a U.S. citizen parent who, prior to the individual's birth, was physically present in the United States or its outlying possessions for a total of at least ten years, at least five of which passed after the citizen parent was fourteen years old. *Cf. Drozd v. INS*, 155 F.3d 81, 86 (2d Cir.1998) ("[T]he applicable law for transmitting citizenship to a child born abroad when one parent is a United States citizen is the statute that was in effect at the time of the child's birth.") (internal quotation marks and alteration omitted). The Aumann Children have failed to allege that their father met these residency requirements. Therefore, the Aumann Children have not demonstrated eligibility for U.S. citizenship pursuant to 8 U.S.C. § 1401(g).

The Aumann Children also claim eligibility for U.S. citizenship under 8 U.S.C. § 1433 (INA Section 322) which permits "[a] parent who is a citizen of the United States" to apply for citizenship for a child born outside the United States when the child, *inter alia*, is "in the legal custody of the citizen parent." Because the Aumann Children's father is deceased, they have not demonstrated eligibility for U.S. citizenship pursuant to 8 U.S.C. § 1433.

Accordingly, the judgment of the district court is hereby AFFIRMED.